NO. 07-02-0364-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 12, 2002


______________________________



ROBERT SCHEIDT
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW OF POTTER COUNTY NO. 2;



NO. 99,705-2; HON. PAMELA C. SIRMON, PRESIDING


_______________________________



ABATEMENT AND REMAND

_______________________________


Before QUINN and JOHNSON, J.J., and BOYD, SJ (1).

 Appellant, Robert Scheidt has filed a pro se notice of appeal from a criminal
misdemeanor conviction in Municipal Court of two traffic violations. He previously filed
notices of appeal from his conviction in both the Randall County Court at Law and the
Potter County Court at Law, and both of those courts dismissed his appeals for want of
jurisdiction. There is only one notice of appeal from those two separate decisions, and
appellant appears to be using that one notice to appeal the separate decisions. Thus, we
sever those appeals into separate causes of action. Trial cause number 99,705 from the
Potter County Court at Law will be assigned appellate cause number 07-02-0364-CR. 
Trial cause number 2002-1134-L from the Randall County Court at Law will be assigned
appellate cause number 07-02-0365-CR.

 Next, appellant filed what he labeled an appellate brief along with his notice of
appeal. This was done before the appellate record was filed. Moreover, the document
fails to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. See Tex. R.
App. P. 38.1. We therefore strike the brief without prejudice to appellant's right to file
another one in accordance with the Rules after the record has been received by this court. 

 Additionally, as noted, we currently have no record before us. Appellant has
alleged that he has had difficulty in obtaining a complete record. If he is a pauper and
unable to pay the fees and costs associated with an appeal, he would be entitled to an
appellate record free of cost. Accordingly, we abate this appeal and remand the cause to
the County Court at Law No. 2 for Potter County (trial court) for further proceedings. Upon
remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent; 

 3. whether appellant is entitled to a free appellate record; and

 4. whether any orders are necessary to ensure the timely preparation 

 and filing of a record.


So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing
issues, 2) cause to be developed a supplemental clerk's record containing the findings of
fact and conclusions of law and all orders it may issue as a result of its hearing on this
matter, and 3) cause to be developed a reporter's record transcribing the evidence and
arguments presented at the aforementioned hearing. Additionally, the court shall then file
the supplemental records with the clerk of this court on or before October 14, 2002. 
Should further time be needed by the trial court to perform these tasks, then same must
be requested before October 14, 2002.

 It is so ordered.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1)(Vernon Supp. 2002).